**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF NEW MEXICO**

| | |
|---|---|
| **UNITED STATES OF AMERICA,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| vs. ) | **NO. CR 04-0533 RB** |
| ) | |
| ) | |
| **ISIAH AUSTIN,** ) | |
| ) | |
| ) | |
| **Defendant.** ) | |

**MEMORANDUM OPINION AND ORDER**

**THIS MATTER** came before the Court on Defendant's Motion for Reduction of Sentence Pursuant to 18 U.S.C. § 3582(c)(2), based on the United States Sentencing Commission's recent amendment to the guidelines for offenses involving cocaine base, more commonly known as crack cocaine. Having considered the arguments of counsel, relevant law, and being otherwise fully informed, the Court finds that Defendant's sentence was not "based on a sentencing range that has subsequently been lowered by the Sentencing Commission." 18 U.S.C. § 3582(c)(2). Instead, his sentence was based on a valid plea agreement, pursuant to Fed.R.Crim.P. 11(c)(1)(C). Hence, this Court lacks jurisdiction to reduce Defendant's sentence, and his motion must be **DENIED**.

**I.    Background.**

On July 6, 2004, Defendant pled guilty to an Indictment charging possession with intent to distribute crack cocaine. Pursuant to Fed.R.Crim.P. 11(c)(1)(C), the plea agreement stipulated that Defendant would be sentenced at an offense level 25. Defendant's criminal history category was VI. The Court accepted the plea agreement and sentenced Defendant to a term of incarceration of 110 months, the low end of the applicable guideline range of 110-137 months. In the fall of 2007,

the Sentencing Commission effectively made a two-level reduction in the crack cocaine base level. On March 13, 2003, Defendant filed his Motion for Reduction of Sentence Pursuant to 18 U.S.C. § 3582(c)(2).

**II.    Discussion.**

    **A. Applicable Legal Standards.**

This Court is generally prohibited from reducing a sentence of imprisonment after expiration of the time limits set forth in Fed.R.Crim.P. 35. *See United States v. Mendoza*, 118 F.3d 707, 709 (10th Cir. 1996) (noting that a district court does not have inherent authority to modify a previously imposed sentence; it may do so only pursuant to statutory authorization). However, 18 U.S.C. § 3582(c)(2) provides statutory authorization for the Court to reduce a term of imprisonment "in the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission."

The retroactive application of a change in the offense level of the Sentencing Guidelines is not required by U.S.S.G. § 1B1.10(a), but rather falls within this Court's discretion. *See United States v. Dorrough*, 84 F.3d 1309, 1312 (10th Cir. 1996); s*ee also United States v. Telman*, 28 F.3d 94, 96 (10th Cir. 1994) (noting "it is apparent from the language of § 1B1.10(a)–i.e., 'may consider'–that a reduction is not mandatory but is instead committed to the sound discretion of the trial court").

In *United States v. Trujeque* the Tenth Circuit Court of Appeals held that the defendant could not seek a reduction of his sentence, pursuant to 18 U.S.C. § 3582(c)(2), because he had entered into a plea agreement that stipulated a specific sentence or sentencing range as allowed under Fed.R.Crim.P. 11(e)(1)(C), now Fed.R.Crim.P. 11(c)(1)(C). 100 F.3d 869 (10th Cir. 1996). As a result of the plea agreement stipulating a specific sentence or sentence range, the Tenth Circuit

concluded that the defendant's sentence was not "based on a sentencing range that has subsequently been lowered by the Sentencing Commission," as required by 18 U.S.C. § 3582(c)(2), and instructed that the district court, therefore, should have dismissed the defendant's motion without considering its merits. *Trujeque*, 100 F.3d at 871.

In *Trujeque*, the stipulated term of imprisonment was outside the range established by the applicable sentencing guideline. Other authority, however, demonstrates that this Court also lacks jurisdiction under 18 U.S.C. § 3582(c)(2) to reduce the sentences of defendants who enter plea agreements that stipulate a sentence or sentencing range within the range established by the applicable sentencing guidelines. In *United States v. Olvera-Garcia* the Tenth Circuit applied its ruling in *Trujeque* to the combined appeals of three defendants whose plea agreements stipulated sentence ranges within the corresponding guideline ranges, holding that because none of the defendants demonstrated that their Fed.R.Crim.P. 11(e)(1)(C) plea agreements were invalid, the district court should have dismissed their 18 U.S.C. § 3582(c)(2) motions without addressing the merits. 60 Fed.Appx. 221, 223-24 (10th Cir. 2003). Similarly, in *United States v. Nunez-Rios* the Tenth Circuit held that because Defendant's sentence was based on a sentencing range that he agreed to accept under Fed.R.Crim.P. 11(e)(1)(C), his motion was precluded by the clear language of 18 U.S.C. § 3582(c)(2), even though the defendant stipulated to an offense level under the sentencing guidelines and was sentenced within the corresponding guideline range. 2003 WL 464064, *2 (10th Cir. 2003).

**B.     Analysis.**

Defendant argues that the terms of his plea agreement are ambiguous and that his sentence was not necessarily based on a Fed.R.Crim.P. 11(c)(1)(C) plea agreement. Defendant points to the following terms of the plea agreement as being contradictory: "[t]he United States has made and will

3

make, no agreement pursuant to Rule 11(c)(1)(C), Fed.R.Crim.P., that a specific sentence is the appropriate disposition of this case," and "[t]he defendant and the United States agree pursuant to Fed.R.Crim.P. 11(c)(1)(C) that the defendant's sentencing guidelines offense level is twenty-five (25)." These terms are not, however, contradictory. A Fed.R.Crim.P. 11(c)(1)(C) plea agreement may specify that an attorney for the government will "agree that a specific sentence *or* sentencing range is the appropriate disposition of the case." Fed.R.Crim.P. 11(c)(1)(C) (emphasis added). In this case, the United States refused to stipulate a specific sentence, but did stipulate a sentencing range. The Court, therefore, finds that the terms of the agreement are not ambiguous and that the agreement is a valid Fed.R.Crim.P. 11(c)(1)(C) plea agreement.

Defendant further argues that based on the crack cocaine amendments, his offense level would be reduced by 2, producing a lower guideline sentence range. However, Defendant's sentence was not "based on a sentencing range that has subsequently been lowered by the Sentencing Commission," as required by 18 U.S.C. § 3582(c)(2), even though the sentencing guideline may have influenced the stipulated sentence set forth in the Fed.R.Crim.P. 11(c)(1)(C) plea agreement. Instead, Defendant's sentence rests squarely on the parties' agreement. *See Trujeque*, 100 F.3d at 871. Further, Defendant has failed to show that the Fed.R.Crim.P. 11(c)(1)(C) plea agreement, which was ratified by the Court and adhered to by the parties, is invalid. This Court, therefore, does not have jurisdiction to address the merits of Defendant's motion.[1] The Court, nevertheless, commends Mr. Austin for his efforts to educate and rehabilitate himself.

**III.    Conclusion.**

---

[1] The Court notes that although some of the discussion of applicable legal standards focused on former Fed.R.Crim.P. 11(e)(1)(c), there is nothing in the language of Fed.R.Crim.P. 11(c)(1)(C) to suggest a contrary result.

This Court lacks jurisdiction to reduce Defendant's sentence.

**WHEREFORE,**

**IT IS HEREBY ORDERED** that Defendant's Motion for Sentence Reduction Pursuant to 18 U.S.C. § 3582(c)(2) is **DENIED**.

_____
**ROBERT C. BRACK**
**UNITED STATES DISTRICT JUDGE**